IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DALE MICHAEL HANSON, | Cause No. CV 20-83-M-DLC-KLD |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN; LYNN GUYER; ATTORENY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On June 22, 2021, the Court granted Petitioner Dale Hanson's request to appoint counsel. (Doc. 41.) On June 29, 2021, Colin Stephens filed a Notice of Appearance on behalf of Hanson and was formally appointed. See, (Docs. 43 & 44.) Also on June 29, 2021, Hanson filed a motion to stay his incarceration, seeking immediate release from custody. (Doc. 45.)

As a preliminary matter, it is unclear under Ninth Circuit precedent whether or not this Court has the authority to release a state or federal prisoner pending the resolution of a habeas proceeding pursuant to its authority to issue the writ. *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2265 (2017) (declining to resolve whether a district court has authority to

1

release a federal prisoner pending initial resolution of his § 2255 habeas petition) (citing *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (per curiam) (same, as related to state prisoners pending initial review of § 2254 proceedings) ). If the district court has such authority and can release a prisoner pending resolution of a habeas petition, that authority "is reserved for 'extraordinary cases involving special circumstances or a high probability of success.' " *Id.* at 822 (quoting *In re Roe*, 257 F.3d at 1080); see also, *Land v. Deeds*, 878 F. 2d 318 (9th Cir. 1989). While the Court understands Hanson believes his case to be extraordinary, at this juncture he has not demonstrated a high probability of success. The motion will be denied.

Moreover, Hanson is now represented by competent federal counsel. Accordingly, Hanson may pursue this matter and communicate with the Court only through filings by counsel. The Court will not entertain pro se filings from Hanson while he is represented by counsel. Hanson is advised that Mr. Stephen's current appointment is limited to the federal due process claim. The appointment may be expanded, however, upon motion by Mr. Stephens that he has uncovered additional claims that he believes to have arguable merit based upon his independent professional judgement. See e.g., (Doc. 41 at 8-9.) Appointed counsel's task is to

pursue claims he believes the Court may find meritorious, not necessarily to present all claims or arguments advanced by Hanson.

Accordingly, IT IS HEREBY ORDERED:

1. Mr. Hanson's Motion to Stay (Doc. 45) is DENIED.

2. Mr. Hanson may not file any additional pro se submissions while he is represented by counsel. The Clerk of Court is directed to discard any future pro se filings from Mr. Hanson.

DATED this 30th day of June, 2021.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge